UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARILYN LOUISE HARRIS,

        Plaintiff,

v.                                              Case No. 18-cv-1707-pp

KINSETH HOSPITALITY HOME 2 SUITES,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 3) AND ORDERING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT**

On October 26, 2018, the plaintiff (who is representing herself) filed a complaint against Kinseth Hospitality Home 2 Suites, dkt. no. 1, a motion to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3. This is not the plaintiff's first trip to this court; representing herself, she filed two cases in 2017, alleging that staff at a hotel and staff at the Milwaukee Career College had harassed her. <u>Harris v. Four Points Sheraton Hotel</u>, Case No. 17-cv-859; <u>Harris v. City of Milwaukee</u>, Case No. 17-cv-1003. The court dismissed both cases for failure to state a claim. The complaint in this case does not state a claim, but the court will give the plaintiff the opportunity to amend her complaint.

1

**I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The court may allow someone to proceed without prepaying the filing fee if two conditions are met: (1) the person shows that she is unable to pay the filing fee and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

    A.    <u>Ability to Pay the Filing Fee</u>

The plaintiff's request states that she is employed, single and has two sons—ages fifteen and twelve—to whom she provides financial support of $200 per month each, for a total of $400. Dkt. No. 2 at 1. (In the "Other Circumstances" section later in the form, the plaintiff lists their ages as fourteen and eleven, and says that she sent them away to their father in September 2018. <u>Id.</u> at 4.) She reports that she receives $800 in total monthly wages and salary, and that she receives $890 from "Unemployment." <u>Id.</u> at 2. She says her monthly expenses total $500, <u>id.</u> at 3, but this number does not match her listed individual expenses: $400/month for her children, $200/month for rent, and $100/month for other household expenses, <u>id.</u> at 2, for a total of $700. She does not list utilities, insurance, clothing or other expenses. She owns 2004 Chevy Impala valued at $2,000. <u>Id.</u> at 3. She does not own a home and does not have any cash, checking or savings accounts. <u>Id.</u> Under "other circumstances," she explains that she had to send her children to

stay with their father because she had become "homeless and depressed" due to her unemployment. Id. at 4.

The court concludes that the plaintiff does not have the ability to pay the $400 civil filing fee.

B.    Screening

The court next must decide whether the claims in the complaint are legally "frivolous or malicious," fail to state a claim for which a federal court may grant relief or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). A complaint must contain "sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's

3

allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

Because the plaintiff represents herself, the court must liberally construe the allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1. *Facts Alleged the Complaint*

The complaint alleges that Kinseth Hospitality "or" Home 2 Suites "violated [her] rights" when they "fired [her] with untrue information." Dkt. No. 1 at 2. The plaintiff "swear[s] under oath" that she "did not consume any alcohol on 6-20-2018." Id. She also "swear[s] under oath" that "from day one," she was "harassed[,] treated unfairly[,] passed up for promotions and raises [she] rightfully earned." Id. She says that she was "met up with Janelle and Rose" telling her that she "had to work fast" because she "would have the Echeck in Rms." Id.

The plaintiff says that the "environment was hostile and everyone would leave [her] back at the hotel." Id. at 2–3. She asserts that "everyone would be able to help each other Just not [her]." Id. at 3. The plaintiff alleges that "workloads" were purposely "piled up" on her, and that she was "constantly harassed by [the defendants'] maintenance guy Harris." Id.

The plaintiff contends that in the month of October she was accused of stealing money. She writes:

> I was called in the office like I was a criminal by Angie + Renee General Manager + Assistant I was told they was gone call the police I was so scared of going to Jail for something I didn't do.

4

Id. She goes on to say that she "was made to clean up throw up and placed where the bed bugs was on the 4th floor." Id. The plaintiff says that someone named "Britney" tried to help her clean up the "rm with the bed bugs," but was fired. Id.

The plaintiff says she had been "harassed and tortured everyday" and that she was "frowned at for no good reason." Id. She claims that she "was treated different from the other house keepers and wasn't granted raises + promotions." Id.

On page 4 of the complaint, the plaintiff did not check either of the two boxes available for asserting jurisdiction; in other words, she did not indicate whether she was suing for violations of federal or state law. Id. at 4. For relief, the plaintiff asks for "something could be done about hostile work environments," asks for her name and her "record" to be cleared, and asks for "money for them slandering [her] name, harassing [her], embarrassing [her] and making [her] feel less than a human being." Id.

Along with her complaint, the plaintiff attached a "Charge of Discrimination" form from the Wisconsin Equal Rights Division. Dkt. No. 1-1. This document lists "Home 2 Suites" in the "Employer" section. Id. In the "Discrimination Based On" section, she checked the box next to "Retaliation." Id. In the "Dates Discrimination Took Place" section, she writes that the earliest date was May 1, 2017, and the latest date was June 20, 2018. Id. In the "Particulars" section, she writes:

> I began working for respondent as Housekeeper in May 2017. From the beginning of my employment I have been harassed.

> I further have been denied wage increases and promotions. On June 20, 2018, I was discharged.
>
> I believe respondent discriminated against me because I had filed a Charge of Discrimination against my former employer, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, including S503(a).

Id. The form is signed and dated September 19, 2018. Id.

    2.    *Analysis*

As the court has explained to the plaintiff in her other cases, the federal rules require a "short and plain" statement in order to make pleadings "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims she intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The Charge of Discrimination form seems to indicate that the plaintiff is trying to bring a claim for retaliation under the Americans with Disabilities Act. Dkt. No. 1-1 at 1. "Employers are forbidden from retaliating against employees who raise ADA claims regardless of whether the initial claims of discrimination are meritless." Koty v. DuPage Cty., Ill., 900 F.3d 515, 519 (7th Cir. 2018), quoting Dickerson v. Bd. Of Trs. Of Cmty. Coll. Dist. 522, 657 F.3d 595, 601 (7th Cir. 2011). To state a retaliation claim, a plaintiff must allege that "(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse action; and (3) a causal link between the two." Id.

Although she didn't say so in the complaint, in the charge of discrimination the plaintiff says that the defendant discriminated against her "because [she] had filed a Charge of Discrimination against [her] former employer." Dkt. No. 1-1 at 1. Filing a Charge of Discrimination is a "statutorily protected expression," so arguably. See 42 U.S.C.A. §12203(a) ("No person shall discriminate against any individual because such individual . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter").

But even if the court assumes that the plaintiff had filed a charge of discrimination against her former employer, the plaintiff has not provided facts to satisfy the second and third elements of a retaliation claim. She does not explain who took adverse action against her. She does not say how those people knew that she'd filed a complaint against her former employer. She does not explain when the events she describes took place. Without these facts, the court cannot tell who subjected the plaintiff to adverse action, or why.

Perhaps the plaintiff intended to make a general claim of disability discrimination. To claim discrimination under the ADA, the plaintiff must show that

> (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) she has suffered from an adverse employment decision because of her disability.

Spurling v. C & M Fine Pack, Inc., 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting Dvorak v. Mostardi Platt Assoc., Inc., 289 F.3d 479, 483 (7th Cir. 2002)). A plaintiff may satisfy the first element if her employer thinks that she's

7

disabled (correctly or incorrectly). Manson v. Gen. Motors Corp., 66 F. App'x 28, 36 (7th Cir. 2003).

The complaint does not identify the plaintiff's disability, if she has one. She does not allege that anyone thought she was disabled, or why she believed that anyone thought she was disabled. Without that information, the plaintiff has not stated a claim for disability discrimination.

Because the plaintiff is representing herself, the court also considered whether the plaintiff might be making a Title VII claim. "Under Title VII, an employer may not discriminate based on 'race, color, religion, sex, or national origin.'" Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018) (quoting 42 U.S.C. §2000e-2(a)). To state a Title VII discrimination claim, a plaintiff must show that

> (1) [she] is a member of a class protected by the statute, (2) that [she] has been the subject of some form of adverse employment action (or that [she] has been subjected to a hostile work environment), and (3) that the employer took this adverse action on account of the plaintiff's membership in the protected class.

Id. At the pleading stage, the plaintiff need not prove her case; the Seventh Circuit has held that "'in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [Title VII] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [protected class status].'" Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013) (quoting Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008)).

To state a hostile work environment claim,

> a plaintiff must allege (1) she was subject to unwelcome harassment; (2) the harassment was based on her national origin or religion (or another reason forbidden by Title VII); (3) the

harassment was severe and pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability.

Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d 826, 833 (7th Cir. 2015). The elements of a Title VII retaliation claim are the same as an ADA retaliation claim. Talanda v KFC Nat'l Mgt. Co., 140 F.3d 1090, 1095–96.

The plaintiff has not alleged that she is a member of a protected class or that the defendants singled her out because of her membership in any protected class. She doesn't allege that the defendants harassed her because of her race, color, religion, national origin or gender. She does not explain why passed her over for promotions or raises, who harassed her, who created the hostile work environment.

The plaintiff also failed to attach a "Notice of Right to Sue" letter from the Equal Employment Opportunity Commission (EEOC). As this court has explained to plaintiff before, she cannot bring a Title VII or ADA discrimination lawsuit unless she first makes a charge to the EEOC, and the "Notice of Right to Sue" letter is proof that she did that. The court understands that the plaintiff attached the Charge of Discrimination to her complaint, but that is not the same as the Notice of Right to Sue letter from the EEOC.

As it has done in one prior case, the court will allow the plaintiff to file an amended complaint. The court is sending the plaintiff a new form on which to file this complaint. The plaintiff should use the "Statement of Claim" section to give the court information on who did it, *how* they did it—what, exactly, they did to her—where they did it, and (if she knows) why. She must do this for every person she claims harassed her or retaliated against her. She must say, for example, that on or around a particular date, in a particular location, a

named person did something to harass her. She must also attach her Notice of Right to Sue letter from the EEOC, if she has one.

The court will give the plaintiff a deadline by which to file an amended complaint. If the court receives the amended complaint by the deadline the court sets, it will screen that amended complaint. If the plaintiff does not file an amended complaint by the deadline the court has set, the court will dismiss the case for failure to diligently pursue it under Civil Local Rule 41, and for failure to state a claim.

## II. Motion to Appoint Counsel (Dkt. No. 3)

The plaintiff filed a one-sentence request for the court to appoint counsel to represent her. Dkt. No. 3. The court does not have money to hire lawyers to represent plaintiffs in civil cases. It must rely on volunteer lawyers, and there aren't enough of them to represent all the people who ask. Because there aren't enough volunteer lawyers to go around, the court will not try to find one unless it appears that the plaintiff has a claim on which she can proceed. Right now, the plaintiff has not provided enough information to state a claim. If the plaintiff files her amended complaint and the court concludes that it states a claim, the court will allow her to renew her request. At this stage, the court will deny the motion.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No.2.

The court **DENIES** without prejudice the plaintiff's motion for appointment of counsel. Dkt. No. 3.

10

The court **ORDERS** that, if the plaintiff chooses to file an amended complaint, she must file it in time for the court to receive it by the end of the day on **October 25, 2019.** If the court does not receive an amended complaint from the plaintiff by the end of the day on October 25, 2019 (or a request for additional time to file that complaint), the court will dismiss the plaintiff's case for failure to prosecute under Civil Local Rule 41 and for failure to state a claim under Federal Rule of Civil Procedure 12(b).

Dated in Milwaukee, Wisconsin this 23rd day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**