UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARILYN LOUISE HARRIS,

    Plaintiff,

v.

                                                                           Case No. 18-cv-1707-pp

KINSETH HOSPITALITY HOME 2 SUITES,

    Defendant.

---

**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

       On October 26, 2018, the plaintiff filed this lawsuit. Dkt. No. 1. The court screened the complaint and concluded that it did not provide enough information to state a claim. Dkt. No. 5. The plaintiff had attached to the complaint a Charge of Discrimination form from the Wisconsin Equal Rights Division, dkt. no. 1-1, which seemed to indicate that the plaintiff was trying to bring a claim for retaliation under the Americans with Disabilities Act, dkt. no. 5 at 6. The court explained that if that was the claim the plaintiff meant to bring, she hadn't explained who took adverse action against her, how those people knew that she'd filed a complaint against her former employer, or when the events took place. Id. at 7. The court told the plaintiff that without that information, the court could not determine who had retaliated against her or subjected her to adverse action, or why. Id. The court also explained that the form the plaintiff had attached to the complaint—the Charge of Discrimination form—wasn't the same thing as a Notice of Right to Sue from the EEOC, and that the plaintiff need to file a copy of the Notice of Right to Sue, if she'd received one. Id. at 9.

The court concluded its screening order this way:

> As it has done in one prior case, the court will allow the plaintiff to file an amended complaint. The court is sending the plaintiff a new form on which to file this complaint. The plaintiff should use the "Statement of Claim" section to give the court information on who did it, *how* they did it—what, exactly, they did to her—where they did it, and (if she knows) why. She must do this for every person she claims harassed her or retaliated against her. She must say, for example, that on or around a particular date, in a particular location, a named person did something to harass her. She must also attach her Notice of Right to Sue letter from the EEOC, if she has one.
>
> The court will give the plaintiff a deadline by which to file an amended complaint. If the court receives the amended complaint by the deadline the court sets, it will screen that amended complaint. If the plaintiff does not file an amended complaint by the deadline the court has set, the court will dismiss the case for failure to diligently pursue it under Civil Local Rule 41, and for failure to state a claim.

Id. at 9-10. The court set a deadline of October 25, 2019 for the plaintiff to file the amended complaint. Id. at 11.

On October 25, the court received a request from the plaintiff, asking the court to extend the deadline so that she could get "all [her] paperwork in order & some other things [she] must have in order before proceeding." Dkt. No. 6. The court granted the motion, extending the deadline to December 20, 2019. Dkt. No. 7. It noted, however, that the plaintiff should not need additional paperwork or information to file the amended complaint—she ought to know who retaliated against her and when, and she either had a Notice of Right to Sue letter or she didn't. Id. at 1-2.

At about 4:40 p.m. on December 20, the clerk's office received a document from the plaintiff. Dkt. No. 8. The document was *not* labeled "amended complaint." It was *not* on the form the court had sent the plaintiff to use in filing her amended complaint. It did *not* have the caption of the case, or

2

the case number, written on it. It is *not* signed. The first two pages of the document are a statement by someone named Leanne N. Biancuzzo, who is not a party in the case. Id. at 1-2. In the statement, Ms. Biancuzzo describes things that happened to her while she was an employee at "Hilton's Home 2 Suites in Menomonee Falls, Wisconsin in late January of 2018 through May 14th, 2018." Id. at 1. The third page purports to be a statement by the plaintiff; the statement says that it is a "complaint against Home 2 Suites for discrimination, harassment, slander, retaliation . . . ." Id. at 3. The last page of the document is another copy of the Charge of Discrimination the plaintiff appears to have filed with the Wisconsin Equal Rights Division. Id. at 4.

Giving the plaintiff the benefit of the doubt, the court assumes that she meant for this four-page document to be her amended complaint. But the plaintiff did not do what the court asked her to do. She did not use the form the court sent to her. She did not sign the document. But most problematic, she did not include the "who, what, when, where, how" information the court asked her to include. The two-page statement allegedly made by Ms. Biancuzzo is irrelevant to the plaintiff's claims; Ms. Biancuzzo isn't a party to this lawsuit, and she describes things that happened to *her*, not to the plaintiff.

The copy of the Charge of Discrimination to the Equal Rights Division doesn't help the plaintiff; as the court explained to her in the screening order, the court needs a copy of the *Notice of Right to Sue* letter from the *EEOC*, not the Charge of Discrimination from the Wisconsin ERD. "Under the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C. § 20003-f(f)(1)." Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999) (citations omitted). "A right-to-sue letter from the EEOC is a

3

prerequisite to bringing suit, and the right-to-sue letter that forms the basis for a plaintiff's complaint must relate to the facts alleged before the EEOC." Moses v. U.S. Steel Corp., 946 F. Supp. 834, 841 (N.D. Ind. 2013) (citations omitted). Failing to attach a right-to-sue notice to the complaint isn't, by itself, a reason to dismiss someone's lawsuit, but without the notice, the court cannot determine whether the plaintiff filed this lawsuit within ninety days of when she received the notice, as the law allows.

The real problem with the document the plaintiff filed on December 20, 2019 is that it still doesn't contain the information the court needs to figure out whether the plaintiff has stated a claim for which a federal court can grant relief. As the court explained to the plaintiff in the screening order, "[e]mployers are forbidden from retaliating against employees who raise ADA claims regardless of whether the initial claims of discrimination are meritless." Koty v. DuPage Cty., 900 F.3d 515, 519 (7th Cir. 2018), quoting Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. 522, 657 F.3d 595, 601 (7th Cir. 2011). To state a retaliation claim, the plaintiff must allege that "(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse action; and (3) a causal link between the two." Id.

The statement on page three of the amended complaint—which purports to be from the plaintiff—reads as follows:

> My name is Marilyn Harris for the past 8 years, I have constantly and consistently have been harassed this harassment has forced me to become homeless and jobless, this has put my life at risk many nights, I had to sleep in my vehicle or hang at the laundromats, my kids I had to send away with their dad 2 years ago due to the harassment and discrimination I've been subjected to I'm unable to provide for my kids this has caused me to have long term psychological and health conditions, I have been emotionally and mentally harmed by someone calling my employers telling them I have aids and hiv I started working for Home 2 Suites in April 2017 I was hired before grand opening which grand opening was

4

> 5/1/2017 I never received my yearly raise, the harassment started day 1 housekeepers Janelle and rose was promoted to asst. housekeeper and executive housekeeper they would find me early in the morning on 05/1/2017 say they needed E. check in rooms in 10 mins, I was told to do things other housekeeper was not required to do, a lot of extra things, I stayed a few times until 9pm and 10pm at night somedays I had a board with up to 50 rooms to clean, I was called in the office by asst. manager Angela Ledarhaus and general manager Renee Wagner on 9/27/2017 was told money was stolen out a guest room. I told them I wasn't a thief my record speaks for itself I've worked around money all my life and I never was accused of such accusation, then they went on to say they was gone call the police, some of the other housekeepers told me later down the line a rumor was going around I was the hotel thief that Sharita minor speared around then I was accused of drinking a beer on the job, I was diagnosed with HPV 9 years ago which is a virus which causes my finger and toes to cripple up and I can't move until my limbs go back to normal my back now gives out on me daily I went to the Doctor 11/20/2019 about back spasm and unbearable pain they told me to rest for 6 weeks I believe I got some of the health conditions from the way I was forced to worked TITLE 1 of the Americans with disability act of 1990 as amended including S503(a). I just want to drop this and live my life I just want to care for my children's I don't want a dime from any one this was never about money I just want Home 2 Suites to do the right thing and tell the truth about how they was made to treat me so I can try to glue my life back together I want to apologize to home 2 suites and all innocent people who as hurt in this matter, grace, mercy, peace to you all.

Dkt. No. 8 at 3.

The court can tell from this paragraph that the plaintiff has suffered physically and psychologically. She is in pain. She is worried about taking care of herself and her children. She strongly feels that she was mistreated. The court can only imagine how difficult things have been for the plaintiff. But the above paragraph still does not provide the court with enough information to determine whether the plaintiff has stated a claim for retaliation under the Americans with Disabilities Act.

The plaintiff has sued Kinseth Hospitality Home 2 Suites. The above paragraph says that she began working for that company sometime in April 2017, and it appears that she was still working there as of September 2017, and the Charge of Discrimination form (dkt. no. 8 at 4) says that she was discharged June 20, 2018. The paragraph says that from the first day, the plaintiff was harassed, but doesn't say who harassed her. The paragraph says that the plaintiff never got an annual raise, but she doesn't say who denied her the raise or why. The plaintiff doesn't describe her job, but the court assumes from what the paragraph says that she was a housekeeper. The paragraph says that two other housekeepers were promoted, and that those two housekeepers found the plaintiff early on the morning of May 1, 2017 to say they needed "E. check in rooms in 10 mins." Id. The plaintiff does not explain what "E. check" is, or why it constituted harassment for the promoted housekeepers to say this to her. The paragraph says that the plaintiff "was told to do" a lot of things that other housekeepers weren't told to do but doesn't say who told her to do these things, or why. The paragraph says that the plaintiff worked until 9:00 or 10:00 p.m. some nights, but doesn't say who told her to do so, or what time she started work on those days or whether she was the only person who worked so late. The paragraph describes an incident on September 27, 2017, when assistant manager Angela Ledarhaus and general manager Renee Wagner told the plaintiff that money had been stolen from a guest room. The paragraph says that the plaintiff explained that she wasn't a thief, but that the managers threatened to call the police, and that the plaintiff later found out that someone named Sharita had started a rumor that the plaintiff was the thief. Finally, the paragraph says that someone accused the plaintiff of

6

drinking a beer on the job; again, it doesn't say who made this accusation, or when, or why.

Nowhere in this paragraph does the plaintiff describe any action she took that was protected by the ADA, or how that action may have caused someone at Home 2 Suites to take adverse action against her. The Charge of Discrimination (dated September 19, 2018) indicates that the plaintiff believed that she was discriminated against because she had filed a charge of discrimination against her former employer. Dkt. No. 8 at 4. The paragraph above, however, makes no mention of that, and again, it does not say who at Home 2 Suites retaliated against her for filing that charge, or how they would have known that she filed a charge against her former employer.

The paragraph contains allegations that the plaintiff was treated differently than other housekeepers, and that certainly sounds like "harassment" as that that is defined in the dictionary: to disturb persistently, bother continually, pester or persecute. https://www.dictionary.com/browse/harass. But for a plaintiff to be able to sue someone in federal court for harassment, the plaintiff must allege—in the complaint—that a particular person disturbed or bothered or persecuted her, and that the person did so because the plaintiff was disabled, or because of her age or race or gender, or in retaliation for something the plaintiff did that was protected by law. It is not enough for the plaintiff to allege that someone harassed her; she must allege that the person harassed her because she belonged to a class of people protected by the law, or in retaliation for her taking some action protected by law. The plaintiff has not alleged these things. The court cannot allow the plaintiff to proceed with her lawsuit.

As to the statement at the end of the paragraph indicating that the plaintiff does not want money, and wants only for Home 2 Suites to "tell the truth about how they was made to treat" her, the plaintiff seeks a remedy that federal courts rarely are able to provide. If a person wins a harassment or retaliation lawsuit, that person may obtain money. Under some, more rare conditions, the person may obtain an order requiring a defendant to stop doing something, or to start doing something. But rarely, if ever, does a federal court have the authority to order a defendant to tell the truth.

The court **CONSTRUES** the document received on December 20, 2019 as an amended complaint. Dkt. No. 8.

The court **ORDERS** that the amended complaint is **DISMISSED without prejudice** for failure to state a claim upon which a federal court may grant relief.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment.  The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of December, 2019.

**BY THE COURT:**

_____
**CHIEF JUDGE PAMELA PEPPER**
**United States District Court**